# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN DEMONTE HARRISON,<br><br>          Plaintiff,<br><br>     v.<br><br>HERNANDEZ,<br><br>          Defendant. | Case No.  1:22-cv-01143-BAM (PC)<br><br>ORDER FINDING PLAINTIFF MAY PROCEED ON COGNIZABLE CLAIMS<br><br>(ECF No. 1) |

Plaintiff Melvin Demonte Harrison ("Plaintiff") is a former county jail inmate proceeding *in forma pauperis* and *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on September 8, 2022, is before the Court for screening.  (ECF No. 1.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires

sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently out of custody. At the time of the events, Plaintiff was housed at Madera County Jail. Plaintiff names Officer M. Hernandez as the sole defendant in this case.[1] Plaintiff alleges that Defendant Hernandez used excessive force and sexually assaulted Plaintiff. Plaintiff alleges as follows:

> "When I was sleeping in the dorm setting of the jail the officer walk[ed] into the dorm[,] came to my bunk [and] stuck a flash light up my buttocks."

Plaintiff alleges he is suffering from PTSD, and he is fearful of all male officers. Plaintiff seeks compensatory damages.

**III.    Discussion**

**A. Due Process - - Excessive Force/Sexual Assault**

Since Plaintiff was a pretrial detainee at the time of the incident, Plaintiff Constitutional questions regarding the conditions and circumstances of Plaintiff's confinement are properly raised under the Due Process Clause of the Fourteenth Amendment. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244, 77 (1983); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Oregon Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). The due process rights of pretrial detainees are "at least as great as the Eighth Amendment protections available to a convicted prisoner." *Revere*, 463 U.S. at 244. Thus, while the Eighth Amendment provides a minimum standard of care for detainees, plaintiff's rights while detained in custody are determined under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's

---

[1] Plaintiff lists "Madera County Jail" as a defendant in the caption of the complaint. However, page 2 of the complaint does not list Madera County Jail in the list of defendants, and the allegations in the complaint do not identify or implicate any conduct or wrong doing by "Madera County Jail." Accordingly, the Court construes the allegations as solely against the named and only listed defendant, defendant M. Hernandez.

protection against cruel and unusual punishment. *Gibson v. County of Washoe*, 290 F.3d 1175, 1197 (2001) (overruled on other grounds by *Castro v. County of Los Angeles*, 833 F.3d 1060 (2016)).

The Constitution does not prohibit the use of reasonable force by officers. *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006). Whether force used was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Tatum*, 441 F.3d at 1095; *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003). The proper inquiry balances the nature and quality of the intrusion against the countervailing governmental interests at stake. *Graham*, 490 U.S. at 396; *Lolli*, 351 F.3d at 415.

The Constitution's substantive due process protections prohibit arbitrary government action so egregious as to "shock the conscience." *County of Sacramento v. Lewis*, 5223 U.S. 833, 846 (1998). To determine whether conduct meets this standard, courts consider "whether the officers had the opportunity for actual deliberation." *Porter v. Osborn*, 546 F.3d 1131, 1138 (9th Cir. 2008). Actions taken after the opportunity for deliberation may "shock the conscience," whereas "snap judgments" made in the heat of the moment meet this standard only if the officer "acts with a purpose to harm unrelated to legitimate law enforcement objectives." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010). However, courts have found that unwelcome sexual contact of any kind is not related to any penological objective and is constitutionally prohibited. *See Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ("Rape, coerced sodomy, unsolicited touching of women prisoners' vaginas, breasts and buttocks by prison employees are simply not part of the penalty that criminal offenders pay for their offenses against society.") (internal quotations omitted); *Meadows v. Reeves*, No. 1:11-CV-00257-GBC (PC), 2012 WL 1583023, at *4 (E.D. Cal. May 4, 2012) ("A sexual assault on an inmate by a guard—regardless of the gender of the guard or of the prisoner—is deeply 'offensive to human dignity.' ") (quoting *Felix v. McCarthy*, 939 F.2d 699, 702 (9th Cir. 1991)).

///

Based on Plaintiff's allegations, Plaintiff states a Due Process violation for excessive force and sexual assault against Officer Hernandez.

### IV.  Conclusion and Order

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against Defendant Officer M. Hernandez, Madera County Jail, for excessive force and sexual assault in violation of the Due Process clause of the Fourteenth Amendment.

Accordingly, it is HEREBY ORDERED as follows:

1. This action proceed on Plaintiff's complaint, filed on September 8, 2022 (ECF No. 1), against Defendant Officer M. Hernandez, Madera County Jail, for excessive force and sexual assault in violation of the Due Process clause of the Fourteenth Amendment; and

2. A separate order will issue regarding service of the complaint.

IT IS SO ORDERED.

Dated:   **September 30, 2022**           /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE