# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN DEMONTE HARRISON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HERNANDEZ, *et al.*,<br><br>　　　　Defendants. | Case No. 1:22-cv-01143-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 10, 11)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Melvin Demonte Harrison ("Plaintiff") is a former county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This action proceeds against Defendant Hernandez for excessive force and sexual assault in violation of the Due Process Clause of the Fourteenth Amendment.

On October 3, 2022, the Court issued an order authorizing service of Plaintiff's complaint and forwarding service documents to Plaintiff for completion and return within thirty days. (ECF No. 10.) The Court expressly warned Plaintiff that failure to comply with the Court's order would result in dismissal of this action. (*Id.* at 2.)

Following Plaintiff's failure to submit the USM-285 form, summons, or copies of the

1

complaint, or to otherwise respond to the Court's order, the Court issued an order directing Plaintiff to submit completed service documents or show cause why this action should not be dismissed for failure to prosecute. (ECF No. 11.) Plaintiff was again warned that failure to comply with the Court's order would result in dismissal of this action for failure to obey court orders and failure to prosecute. (*Id.* at 2.)

Plaintiff has not filed the required service documents, a notice of change of address, or otherwise communicated with the Court, and the deadline to do so has expired.

## II. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

## III. Discussion

Here, completed service documents for Defendant Hernandez are overdue, and Plaintiff has failed to comply with the Court's orders. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors

1  weigh in favor of dismissal.

2      The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

    Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's October 3, 2022 order directing Plaintiff to submit service documents expressly warned Plaintiff that his failure to comply with that order would result in dismissal of this action.  (ECF No. 10, p. 2.)  The Court's November 17, 2022 order to show cause further warned Plaintiff that his failure to comply would result in a recommendation of dismissal of this action for failure to obey court orders and failure to prosecute.  (ECF No. 11, p. 2.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

    Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

    Finally, based on Plaintiff's failure to comply with or otherwise respond to these orders, the Court is left with no alternative but to dismiss the action for failure to prosecute. *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1228.  This action can proceed no further without Plaintiff's cooperation and compliance with the orders at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. *Id.*

3

**IV.     Order and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **December 15, 2022**              /s/ *Barbara A. McAuliffe*
                                                                 UNITED STATES MAGISTRATE JUDGE

4